IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JOE THOMAS, JR., and<br>JP THOMAS CONSTRUCTION LTD,<br>a Montana corporation | ) ) ) ) | CV 11-40-M-DWM-JCL |
| Plaintiff,<br>vs. | ) ) ) | ORDER |
| NAUTILUS INSURANCE<br>COMPANY, and DOES 1through 3,<br>Defendants. | ) ) ) ) ) ) | |

Plaintiffs Joe Thomas, Jr. and JP Thomas Construction Ltd. ("Thomas") brought this action against Nautilus Insurance Company ("Nautilus") alleging breach of contract, constructive fraud, and violations of Montana's Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-201 et. seq. The dispute centers on

1

insurer-Nautilus's duty to defend in an underlying state action against insured-Thomas. Nautilus moves for summary judgment on the grounds that the insurance policy's various coverage exclusions preclude any duty to defend or indemnify Thomas. Thomas cross-moves for partial summary judgment.

United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in which he recommended denying Nautilus's motion and partially granting Thomas's. Judge Lynch found that Nautilus did not initially have a duty to defend, but discovery responses that Thomas later forwarded to Nautilus triggered the duty. The judge reasoned that these responses–from the woman who sued Thomas in the underlying state action–alleged damages that Thomas's subcontractor might have caused, and would therefore fall under the policy's coverage. Under Montana law, this extrinsic factual information was sufficient to trigger Nautilus's duty to defend. Thus, Judge Lynch concluded, Nautilus breached its duty by refusing to assume the defense after receiving these responses.

Nautilus has timely objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which it objects. 28 U.S.C. § 636(b)(1). The objections center on three arguments. First, that Judge Lynch misinterprets the meaning of the word "abandoned." That is, in order for the

policy to cover the subcontractor's damages, Judge Lynch first had to determine if Thomas "abandoned" the project, as the policy uses that term. Nautilus claims that abandonment only occurs if both contractual parties agree to end the contract. Therefore, Thomas, by unilaterally stopping construction, breached the contract; he did not "abandon" his work within the meaning of that term.

This argument is unpersuasive. Judge Lynch correctly determined that the policy does not define "abandoned," and the term is thus ambiguous. Nautilus's interpretation is reasonable, but so is concluding that the policy covered Thomas if he unilaterally abandoned a project. As Judge Lynch points out, in Montana, when an insurance contract's term is subject to two reasonable interpretations, the "construction most favorable to the insured must prevail where this ambiguous definition attempts to exclude the liability of the insurer." Pablo v. Moore, 995 P.2d 460, 463 (Mont. 2000). Nautilus does not override this authority through citations to other jurisdictions.[1]

Montana authority also precludes Nautilus's other arguments on this point. The Montana Supreme Court has stated that "[t]he fundamental protective purpose

---

[1] Nautilus largely relies on Clarendon American Insurance Co. v. General Security Indemnity Co. of Arizona, 193 Cal. App. 4th 1311 (2011), which cites a dissenting opinion for this proposition of law. See Clarendon, 193 Cal. App. 4th at 1319 (quoting Amelco Electric v. City of Thousand Oaks, 27 Cal.4th 228, 253 (Werdegar, J., dissenting)).

of an insurance policy and the obligation of the insurer to provide a defense require that coverage exclusions be narrowly construed." Skinner v. Allstate Ins. Co., 127 P.3d 359, 385 (Mont. 2005). In light of this pronouncement, Nautilus's arguments that canons of construction and public policy dictate adopting Nautilus's interpretation of "abandoned" also fail.

Moving on to Nautilus's second objection, Nautilus did not argue the issue to Judge Lynch and this Court will therefore not address that objection now. Nautilus's argument is that the Court should look to the terms of a different policy than the one Judge Lynch analyzed:

> Nautilus and Thomas have agreed that both policies[2] at issue in this case are identical and that the first policy was in effect for purposes of this argument; however, on further review, Nautilus has discovered that the policies are not in fact identical, and whether the first or second policy was in effect during the occurrence will lead to a significant difference in outcome.

(dkt. #30) at 6 n.2. As this Court recently stated, however, the party objecting to the magistrate judge's findings "cannot now reformulate its approach and seek a second bite at the apple." Stimson Lumber Co. v. Int'l Paper Co., No. CV 10–79–M–DWM–JCL, 2011 WL 1549305 (D. Mont. 2011).

Nautilus predicates its third objection on the success of one of the first two, and since both of those fail, this objection is moot. Thus, having reviewed

---

[2]Thomas bought two consecutive one-year policies from Nautilus.

4

Nautilus's objections de novo, the Court agrees with Judge Lynch's conclusion that Nautilus's policy could have provided coverage for the subcontractor's alleged damages. Therefore, under Montana law, Nautilus's duty to defend was triggered when it received the discussed discovery responses.

I can also find no clear error with the rest of Judge Lynch's Findings and Recommendations, and I therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that Nautilus's motion for summary judgment (dkt. #7) be DENIED, and Thomas's motion for summary judgment (dkt. #12) be GRANTED to the extent that Nautilus had a duty to defend Thomas upon receipt of the forwarded discovery responses.

Dated this 19th day of September, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT